IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WOOLF,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC, ET AL.,

Defendants.

Case No. 26-CV-2239-JWB-JBW

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Kansas State law. This matter is currently before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 5).

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

issues raised by the claims."[3]  Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4]  This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5]  Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) and the Court must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. The Court has granted Plaintiff's motion to proceed without prepayment of fees (*in forma pauperis*) in this case. A review of Plaintiff's filings to date shows he appears capable of adequately representing himself at this early stage of the proceedings. Despite Plaintiff's statement the case is complex, the factual and legal issues do not appear overly complex. This Court routinely handles employment discrimination matters arising under the same federal and state laws which

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

Plaintiff brings his claims. Though Plaintiff believes this matter is "beyond the capacity of a layperson to navigate effectively" Plaintiff has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the Court himself in this case, particularly given the liberal standards governing *pro se* litigants.[6] "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [Plaintiff] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[7]

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[8] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 5) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated April 29, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[6] Pl.'s Mtn. for Appointment of Counsel, Dkt. 4, p. 3–4.

[7] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

[8] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).