IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WOOLF,

        Plaintiff,

v.

AMAZON.COM SERVICES, LLC, ET AL.,

        Defendants.

Case No. 26-CV-2239-JWB-JBW

## ORDER

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Kansas State law. This matter is currently before the Court on Plaintiff's Motion for Extension of Time (Dkt. 11), Plaintiff's Motion to Stay Administrative Deadlines (Dkt. 12), and Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 12). For the reasons set forth below, Plaintiff's Motion for Extension of Time (Dkt. 11) is GRANTED, Plaintiff's Motion to Stay Administrative Deadlines (Dkt. 12) is DENIED AS MOOT, and Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 12) is DENIED WITHOUT PREJUDICE.

### I.        Plaintiff's Motion for Extension of Time (Dkt. 11)

In his Motion, Plaintiff informs the Court he is suffering from a severe and worsening health condition that has limited his ability to prosecute this matter. Plaintiff asks this Court to grant him an extension of time to complete all outstanding administrative filing requirements, including providing the Court with documents with his wet-ink signature. The Court finds there is good cause to grant Plaintiff an extension of time to provide the Court with documents with his wet-ink signature. Therefore, Plaintiff's Motion for Extension of Time is GRANTED. Plaintiff

must submit the necessary documents with his wet-ink signature within fourteen (14) days of this Order.

The Court also reminds Plaintiff under this District's Administrative Procedures, there are other means for *pro se* parties to make filings that do not require him to provide a copy of a pleading with his wet-ink signature after its original submission, including: conventionally, by submitting signed documents to the clerk's office in person or by mail, or by scanning and submitting originally signed documents via email.

## II.     Plaintiff's Motion to Stay Administrative Deadlines (Dkt. 12)

Plaintiff's Motion asks the Court to stay all administrative deadlines, including the submission of service documents to the U.S. Marshals, until his medical condition stabilizes. On April 29, 2026, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 8). In the Order, the Court ordered that the "Clerk shall issue Summons for Defendants. Service of the Summons and Complaint shall be made by a United States Marshal or Deputy Marshal or by a person specially appointed pursuant to Fed. R. Civ. P. 4(c)(3)." On the same day, summonses were issued as to all named Defendants to the U.S. Marshal for service. It appears summonses have returned executed as to all named Defendants.[1] No further action is required by Plaintiff as to the submission of service documents at this time. It is unclear to the Court what other "administrative deadlines" Plaintiff may be referring to, but no deadlines have been set pursuant to Fed. R. Civ. P. 26, and a scheduling order has not been entered. Therefore, Plaintiff's Motion to Stay Administrative Deadlines is DENIED AS MOOT.

---

[1] *See* Summons Returned Executed (Dkt. 27–33).

### III.  Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 12)

Plaintiff has renewed his Motion for Appointment of Counsel alleging that since his last Motion for Appointment of Counsel, his medical condition has undergone a rapid and severe decline. Plaintiff states his medical crisis has compromised his ability to present his claims. For the reasons stated below, Plaintiff's Renewed Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[2] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[3] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[5] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

---

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[4] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[6] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) and the Court must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. The Court has granted Plaintiff's motion to proceed without prepayment of fees in this case. A review of Plaintiff's filings to date shows he appears capable of adequately representing himself at this early stage of the proceedings. Plaintiff's pleadings are cogent and show his ability to effectively present his positions to the Court. Despite Plaintiff's statement the case is complex, the factual and legal issues do not appear overly complex. This Court routinely handles employment discrimination matters arising under the same federal and state laws which Plaintiff brings his claims. The Court is sympathetic to Plaintiff's medical conditions, and while Plaintiff believes the claims in this matter are "highly challenging for a layperson to navigate effectively," Plaintiff has not demonstrated any reason why he would be unable to present his claims to the Court himself in this case, particularly given the liberal standards governing *pro se* litigants.[7] "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish

---

[6] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[7] Pl.'s Renewed Mtn. for Appointment of Counsel, Dkt. 12, p. 4.

[Plaintiff] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[8]

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[9] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Extension of Time (Dkt. 11) is GRANTED.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Stay Administrative Deadlines (Dkt. 12) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 12) is DENIED WITHOUT PREJUDICE.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated June 29, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[8] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

[9] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).