IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WOOLF,

        Plaintiff,

v.

AMAZON.COM SERVICES LLC, ET AL.,

        Defendant.

Case No. 26-CV-2239-JWB-JBW

## **ORDER**

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. This matter is currently before the Court on Plaintiff's Emergency Motion for Protective Order (Dkt. 38).[1] Plaintiff requests entry of a protective order pursuant to Fed. R. Civ. P. 26(c) to establish "a verifiable, written communication protocol."[2] Plaintiff argues a protective order is necessary because he has received what he believes to be "back-channel communications to bypass the legal process" by a representative of Amazon and defense counsel.[3] Plaintiff alleges a representative of Amazon contacted him regarding his requests for leaves of absence and return-to work dates and counsel for Defendants Amazon.com Services LLC, Amazon Accommodations Team, and Amazon Disability and Leave Services Team

---

[1] In Plaintiff's Emergency Motion for Protective Order, he also requests the Court issue a temporary restraining order against Defendants. Plaintiff's request for a temporary restraining order will be taken up by the District Judge by separate order. The undersigned Magistrate Judge therefore only addresses the issues related to Plaintiff's request for a protective order pursuant to Fed. R. Civ. P. 26(c).

[2] Pl.'s Emergency Mot. for Protective Order, Dkt. 38, p. 3.

[3] *Id.* at p. 1.

(hereinafter "Amazon Defendants") called him on his personal cellphone to request a pre-service extension of time to answer. The Amazon Defendants responded to the motion arguing such communications with the Amazon representative and defense counsel are in the normal course of Plaintiff's employment with Amazon and civil litigation generally, and Plaintiff has failed to show good cause for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c). For the reasons stated below, Plaintiff's Motion is DENIED.

Fed. R. Civ. P. 26(c) permits a court to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." However, this discovery rule protects a party "from whom discovery is sought."[4] No Initial Order Regarding Planning or Scheduling has been entered in this case, and the parties have not yet begun the discovery process. Neither the docket nor Plaintiff's motion suggests that discovery has been sought from Plaintiff, making Fed. R. Civ. P. 26(c) inapplicable here.

Further, Plaintiff's motion provides no factual basis to conclude that an Amazon representative has improperly communicated with him. Plaintiff's communication with an Amazon representative appears to have been concerning his employment relationship and its status. However, it is unclear to the Court exactly what Plaintiff's employment status is. In his Complaint, Plaintiff claims he was both "constructively discharged" from Amazon in November 2023, but still receives daily shift invites from Amazon.[5] Plaintiff's motion now claims Amazon requested he report to full duty and his leave requests were denied, suggesting he may remain

---

[4] Fed. R. Civ. P. 26(c).

[5] *See* Pl.'s Compl., Dkt. 1, ¶ 90, 91.

actively employed by Amazon. If Plaintiff is still employed by Amazon, then it is reasonable to expect a need to communicate with Plaintiff regarding his employment relationship and the status of that employment. Despite Plaintiff's claims to the contrary, such communications do not appear to be harassing or coercive. And, regardless of Plaintiff's employment status, "there is nothing in the disciplinary rules which restrict a client's right to act independently in initiating communications with the other side, or which requires that lawyers prevent or attempt to discourage such conduct."[6] Because Plaintiff has not shown Amazon's communications are improper and has failed to provide a proper legal basis as to why the Court should enter a protective order on the state of Plaintiff's communications with Amazon representatives, the Court declines to do so.

Plaintiff also seeks an order requiring counsel for the Amazon Defendants to cease contacting Plaintiff via telephone. Plaintiff claims counsel for the Amazon Defendants called him to seek an extension of their deadline to file a responsive pleading. Counsel for the Amazon Defendants respond they attempted to contact Plaintiff to determine whether he was opposed to their motions for extension of time to file a responsive pleading.[7] District of Kansas Local Rule 7.1(b) requires parties to state whether motions are unopposed, and it appears in contacting Plaintiff, counsel for the Amazon Defendants were diligently attempting to comply with Local

---

[6] *Holdren v. Gen. Motors Corp.*, 13 F. Supp. 2d 1192, 1196 (D. Kan. 1998). *See also Hammond v. City of Junction City, Kansas*, 167 F. Supp. 2d 1271, 1293 (D. Kan. 2001) ("Rule 4.2 generally does not prohibit a party from communicating directly with an opposing party.").

[7] The Court notes that in their motions, counsel for the Amazon Defendants describe their attempts to contact Plaintiff regarding his position on the motion in compliance with D. Kan. Rule 7.1(c). *See* Amazon.com Services LLC Mot. to Respond to Pl.'s Compl. Out of Time, Dkt. 21; Amazon Accommodations Team and Amazon Disability & Leave Services Team Mot. to Respond to Pl.'s Compl. Out of Time, Dkt. 34.

Rule 7.1(b). The Court again does not find such behavior to be the "pressure campaign" Plaintiff claims, and instead to be a fact of being an active participant in the litigation Plaintiff chose to bring.[8] Therefore, the Court also denies Plaintiff's request for a protective order to prevent defense counsel from contacting him by telephone.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Dkt. 38) is DENIED. Plaintiff's request for a temporary restraining order contained in the motion will be taken up by separate order by the District Judge.

**IT IS SO ORDERED.**

Dated July 30, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[8] Pl.'s Emergency Mot. for Protective Order, Dkt. 38, p. 3. *Olson v. Sedgwick Cnty., Kansas*, No. 2:23-CV-2319-JAR-ADM, 2024 WL 939922, at * 2 (D. Kan. Mar. 5, 2024) (finding D. Kan. Rule 7.1(c) serves an important function in the District by "incentivizing the active participation of parties in their suits.").